UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERRY WILLIAM NEAL,

    Plaintiff,

v.	Case No. 1:10-CV-1075

UNKNOWN ELLIS, et al.,	HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING
AND REMANDING IN PART THE REPORT AND RECOMMENDATION**

Plaintiff, Terry William Neal, has filed an objection to the Report and Recommendation ("R & R") dated January 17, 2012, in which the Magistrate Judge recommended that Neal's complaint be dismissed.  Upon *de novo* review of the R & R, Neal's objection, and the pertinent portions of the record, the Court will adopt the R & R in part, and reject and remand the remaining portions of the R & R.

The R & R found that Neal did not properly exhaust a grievance with respect to Neal's excessive force claim against Defendant Ellis.  Neal objected to this finding and argued that the claim was properly exhausted.  Failure to exhaust administrative remedies is an affirmative defense that must be raised by a defendant.  *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007). A district court may not sua sponte dismiss a prisoner's action on the basis that he failed to exhaust his or her administrative remedies.  *Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007); *see also Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003) ("Courts generally lack the ability to raise an affirmative defense sua sponte.").  Defendant Ellis did not raise lack of exhaustion as an affirmative defense to challenge Neal's excessive force claim.  (Def.'s Br. at 8.) The Magistrate Judge should not have raised the defense sua sponte.  Therefore, the R & R will be

rejected insofar as it dismissed Neal's excessive force claim, and the issue will be remanded to the Magistrate Judge for further consideration of Neal's claim regarding excessive force.

Neal has not objected to any other portions of the R & R.  Therefore, the R & R will be adopted in all other aspects and the remaining claims against Defendant Ellis will be dismissed. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 17, 2012 (Dkt. #20) is **rejected** insofar as its found Neal's excessive force claim not to be administratively exhausted, but **adopted** in all other regards.

**IT IS FURTHER ORDERED** that Neal's Objection (Dkt. #21) is **dismissed** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #17) is **granted in part** as to all claims besides Neal's excessive force claim.

**IT IS FURTHER ORDERED** that this matter is **remanded** to the Magistrate Judge for further proceedings consistent with this Order.


Dated:  February 7, 2012                                          /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                                            UNITED STATES DISTRICT JUDGE