UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERRY WILLIAM NEAL,

        Plaintiff,

v.

                                Case No. 1:10-CV-1075

UNKNOWN ELLIS, et al.,
                                HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 22, 2013, Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation (R & R) (docket no. 58) recommending that this Court grant Defendant Ellis's Motion for Summary Judgment (docket no. 49). Plaintiff has filed a timely Objection to the R & R (docket no. 61). When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the opinion of the Court.

Plaintiff makes three arguments in objection to the R & R. First, he argues that the magistrate judge's interpretation of the events based on the video evidence is inaccurate because the video fails to capture the entirety of the encounter giving rise to Plaintiff's Eighth Amendment claim against Ellis.[1] The Court has carefully compared Plaintiff's accounts of the encounter and the video evidence. Although Plaintiff is correct that the video camera briefly turns away from Plaintiff and

---

[1] Plaintiff does not otherwise object to the video evidence for purposes of summary judgment or deny that the video depicts the encounter between Plaintiff and Ellis at issue in this case.

Ellis, it is clear to the Court that the camera shows Plaintiff and Ellis at the relevant times. The video evidence shows that Plaintiff and Ellis had a brief shoving match, but that Plaintiff did not push Ellis onto a table, that Ellis did not land on the ground, that Ellis did not try to pull Plaintiff to the ground, and that Ellis did not exert the force necessary to cause Plaintiff's shoulder to dislocate. (*See* Compl., Docket no. 1, Page ID 8; Neal Dep., Docket no. 50, Page ID 261.) Therefore, Plaintiff's objection is overruled.

Second, Plaintiff argues that summary judgment should be denied because Plaintiff has evidence to establish a genuine issue of material fact on his Eighth Amendment claim. (*See* Mackley Decl., Docket no. 61, Page ID 310; Neal Decl., *id.* at 311.) However, because Plaintiff did not oppose Ellis's Motion for Summary Judgment, and offers this evidence for the first time in response to the R & R, Plaintiff has waived this argument. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (observing that issues raised for first time in objection to a report and recommendation are "deemed waived"). Therefore, it is too late for the Court to consider Plaintiff's evidence. Plaintiff's objection is overruled.

Finally, Plaintiff objects that he was unable to respond to Ellis's Motion for Summary Judgment because Ellis did not cooperate with Plaintiff's discovery requests. In support of that argument, Plaintiff cites the fact that his motion for an enlargement of the discovery period and his motion to compel were denied. According to the record, Plaintiff's motion for enlargement of discovery was denied as untimely, and Plaintiff failed to establish good cause for why he failed to complete discovery within the deadline. (Docket no. 51.) Plaintiff's motion to compel was denied for failure to follow correct discovery procedures, including failure to submit a proof of service with his request. (Docket no. 31.) Thus, Plaintiff has not shown that Ellis has failed to cooperate with discovery or otherwise made it impossible for Plaintiff to respond to Ellis's Motion for Summary

2

Judgment.  To the contrary, Plaintiff's late submission of affidavits, including his own affidavit, suggests that Plaintiff could have submitted evidence in response to Ellis's motion.

After *de novo* review, Plaintiff has not presented objections sufficient to reject any portion of the R & R.  The R & R will be adopted as the opinion of the Court.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 58) is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 61) is **OVERRULED**.

A separate judgment will issue.  This case is concluded.


Dated:  March 22, 2013                                /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE