UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERRY WILLIAM NEAL,

      Plaintiff,

                                                     Case No. 1:10-CV-1075

v.

                                                     HON. GORDON J. QUIST

UNKNOWN ELLIS, et al.,

      Defendants.

_____/

## ORDER ADDRESSING ISSUES ON REMAND

This case returns to this Court upon remand from the Sixth Circuit for consideration of two issues. First, the court of appeals has directed this Court to review *de novo* the magistrate judge's conclusion in his January 17, 2012 Report and Recommendation that Plaintiff failed to exhaust his retaliation claim. Second this Court must exercise its discretion in determining whether it should consider two affidavits that Plaintiff presented, for the first time, in his Objection to the magistrate judge's February 22, 2013 Report and Recommendation.

### EXHAUSTION

Having conducted a *de novo* review of the January 17, 2012 Report and Recommendation, the Court concludes that Plaintiff properly exhausted his retaliation claim. In support of his motion for summary judgment based on lack of exhaustion, Defendant conceded that grievance LCF-2009-09-1036-17b (the 1036 Grievance) properly exhausted Plaintiff's excessive force claim but not Plaintiff's retaliation claim. In the 1036 Grievance Plaintiff states that "the MDOC has proof that grievant was assaulted due to, and as a direct result of, filing a grievance against Ellis." (Dkt. #18-3 at Page ID#143.) Plaintiff further stated that the assault was an act of retaliation in violation of Plaintiff's First Amendment rights to be free of retaliation. (*Id.*) As Defendant admits, Plaintiff

exhausted the 1036 Grievance through Step III. Therefore, the retaliation claim was properly exhausted.

## CONSIDERATION OF AFFIDAVITS

The court of appeals reversed this Court's order granting summary judgment to Defendant on Plaintiff's excessive force claim under the Eighth Amendment because the Court failed to recognize its discretion under 28 U.S.C. § 636(b)(1) to consider the affidavits that Plaintiff submitted for the first time in his objections to the February 22, 2013 Report and Recommendation. Recognizing its discretion to consider evidentiary materials presented for the first time in objections to a magistrate judge's report and recommendation, *see Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. apr. 20, 2009), the Court declines to exercise its discretion to consider Plaintiff's affidavits. Plaintiff has been dilatory in prosecuting this case, as he failed to respond at all to Defendant's motion for summary judgment based on lack of exhaustion and to Defendant's motion for summary judgment on the merits. In each instance, Plaintiff responded for the first time in his objections, without providing any good reason for failing to file a timely response when the motions were before the magistrate judge. With regard to the instant motion for summary judgment, there is no reason why Plaintiff could not have submitted his own affidavit and that of Kenneth Mackley, another prisoner, in a timely manner in response to Defendant's motion for summary judgment so that the magistrate would have had the opportunity to consider them.

Even if the Court were to consider Plaintiff's affidavits, they provide no basis for defeating Defendant's motion. Although the Court reviewed the video of the incident at the time it issued its March 22, 2013 Order Adopting Report and Recommendation (dkt. # 63), the Court has reviewed the video once again and affirms that it shows only a brief shoving match that did not involve Plaintiff pushing Defendant on the table, Defendant landing on the ground, or Defendant trying to pull Plaintiff to the ground, as Plaintiff testified in his deposition. There is no indication that

Defendant exerted an amount of force that would have caused Plaintiff's shoulder to dislocate or that was otherwise unreasonable. As the magistrate judge observed, the video supports Defendant's version of events and is not consistent with Plaintiff's version. Accordingly, Plaintiff's Eighth Amendment claim fails as a matter of law.

### RETALIATION CLAIM

Plaintiff's retaliation claim is based, in part, on the same incident that gave rise to the excessive force claim. To establish a retaliation claim, a plaintiff must show that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In the Court's judgment, Plaintiff cannot establish a First Amendment retaliation claim based on the alleged excessive force for two reasons. First, as mentioned above, the video shows that the alleged force was no more than a brief shoving match that would not reasonably be expected to result in the dislocation of Plaintiff's shoulder. Defendant's actions as shown on the video would not deter a person of ordinary firmness from engaging in protected action. Second, there is simply no indication that Defendant's use of force in the incident in question was motivated, even in part, by Plaintiff's filing of a grievance against Defendant almost two months prior to the incident. Instead, as the video shows, Defendant's use of force was in response to Plaintiff's aggressive conduct toward Defendant during the incident.

The Court notes that Plaintiff appears to allege that Defendant retaliated against him by filing a major misconduct report against Plaintiff. The filing of a major misconduct report that could result in loss of disciplinary credits may be considered an adverse action. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). The outcome of the major misconduct report is not clear from

the record. Accordingly, the Court will remand the proceedings on Plaintiff's retaliation claim back to the magistrate judge for further development of that claim.

Therefore,

**IT IS HEREBY ORDERED** that the Court again adopts the magistrate judge's February 22, 2013 Report and Recommendation (dkt. # 58) as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on Plaintiff's Eighth Amendment claim (docket no. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claim is remanded to the magistrate judge for further development of that claim. See Fed. R. Civ. P. 72(b)(3).


Dated: December 16, 2014            /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE