UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILLIAM NEAL,

        Plaintiff,

v.

UNKNOWN ELLIS, *et al.*,

        Defendants.

_____/

Case No. 1:10-cv-1075

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant David Ellis' motion for summary judgment (docket no. 96).

    **I.**    **Background**

The Court has previously dismissed all defendants in this action except for defendant Ellis, a resident unit officer (RUO) at the Lakeland Correctional Facility (LCF). Plaintiff alleged that RUO Ellis violated his Eighth Amendment rights by using excessive force during a confrontation in the LCF yard on August 18, 2009. In addition, plaintiff alleged that RUO Ellis retaliated against him in violation of his First Amendment rights. According to plaintiff, he filed a grievance against RUO Ellis on June 19, 2009 because Ellis refused plaintiff's repeated requests for toilet paper. *See* Grievance LCF-2009-06-0622-17A ("622") (docket no. 1-4, PageID.38). Then, about two months later, RUO Ellis allegedly retaliated against plaintiff by filing a major misconduct report ("misconduct report") against plaintiff for assault on August 18, 2009. *See* Misconduct Report (docket no. 1-3, PageID.36).

The Court granted defendant Ellis' motion for summary judgment and terminated the case on March 22, 2013. *See* Order and Judgment (docket nos. 63 and 64). Plaintiff appealed. The Sixth Circuit reversed and remanded. *See Neal v. Ellis*, No. 13-1503 (Order) (6th Cir. July 17, 2014) (docket no. 74). The case was reopened on August 12, 2014. On remand, this Court granted RUO Ellis' motion for summary judgment on the Eighth Amendment claim. In reaching this determination, the Court determined that the video of the incident did not support plaintiff's claim that he suffered serious injury when RUO Ellis wrestled him to the ground, i.e., "the Court has reviewed the video once again and affirms that it shows only a brief shoving match that did not involve Plaintiff pushing Defendant on the table, Defendant landing on the ground, or Defendant trying to pull Plaintiff to the ground, as Plaintiff testified in his deposition," and that "[t]here is no indication that Defendant exerted an amount of force that would have caused Plaintiff's shoulder to dislocate or that was otherwise unreasonable." Order addressing issues on remand (docket no. 80, PageID.372-373).

In addition, the Court determined that the only issue left in this case was plaintiff's retaliation claim against Ellis for writing plaintiff a major misconduct report related to the August 18, 2009 incident:

> The Court notes that Plaintiff appears to allege that Defendant retaliated against him by filing a major misconduct report against Plaintiff. The filing of a major misconduct report that could result in loss of disciplinary credits may be considered an adverse action. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). The outcome of the major misconduct report is not clear from the record. Accordingly, the Court will remand the proceedings on Plaintiff's retaliation claim back to the magistrate judge for further development of that claim.

2

*Id.* at PageID.373-374. Court issued a case management order which set deadlines for discovery and the filing of dispositive motions. *See* Case Management Order (docket no. 81). Those deadlines have passed and the matter is now before the Court on Ellis' motion for summary judgment.

      **II.     RUO Ellis' motion for summary judgment**

          **A.     Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

### B. First Amendment claim

To prove a First Amendment retaliation claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

One issue on remand was the disposition of the major misconduct report against plaintiff. *See* Order addressing issues on remand at PageID.373-374. This is relevant because a finding of guilt based upon some evidence of a violation of prison rules "essentially checkmates a retaliation claim." *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005) (internal quotation marks and brackets omitted). Here, there was no finding of guilt because the misconduct report was

4

not heard due to the passage of time. Defendant has provided an affidavit from Amy Fairbanks, Litigation Specialist at the Michigan Department of Corrections (MDOC), who stated: that she reviewed the information gathered for this lawsuit; that she "concluded that a misconduct for Assault was written by Officer Ellison [sic] the date of the incident, but it was not processed pending further review of the incident"; and that "[w]hen it was again revisited for the possibility of processing it, it was determined by the Warden that too much time had elapsed." Fairbanks Aff. (docket no. 97-3, PageID.467-468). Ms. Fairbanks has no personal knowledge of how the misconduct report was handled. At most, the affidavit established that Ms. Banks looked at MDOC records and did not locate any evidence that plaintiff was found guilty of the major misconduct.

The only issue of substance raised in Ellis' brief[1] is an argument addressing the causation element. To establish the causation element of a retaliation claim, "the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), *citing Mount Health City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). The substance of defendant's argument is that plaintiff cannot establish causation because Ellis had no discretion to issue the misconduct report:

> The video in question has been submitted under seal in this case in Dkt. 56. The video confirms, as this Court stated "Plaintiff's excessive conduct toward Defendant during the incident." (Dkt. 80, Pg. ID #373). According to the MDOC policy on Prisoner Discipline PD 03.03.105 in effect in August 2008, "A major Misconduct Report shall be written if the behavior constitutes a nonbondable major misconduct, as identified on Attachment B." Assault on Staff is listed as one of the misconduct tickets that shall be written upon staff observation. (emphasis added). (Exhibit C, Paragraph K, pg. 3 of 10; and Attachment B of that policy, pg. 1).

---

[1] The Court notes that the brief is rather short, containing seven numbered pages, one of which is the certificate of service.

Defendant's Brief (docket no. 97, PageID.459-460).  Based on this record, Ellis contends that he is entitled to summary judgment because: plaintiff has failed to demonstrate all three elements of his retaliation claim; Ellis "has demonstrated that the misconduct ticket was written as a result of [p]laintiff's actions solely on August 18, 2009 and because of any previously filed grievances"; and that according to MDOC policy, Ellis did not have discretion not to write the misconduct ticket based upon plaintiff's conduct observed in the video.  Defendant's Brief at PageID.460.

Ellis, however, has not developed this argument in sufficient detail to demonstrate summary judgment in his favor.  As the Court previously noted, the video of the incident indicates the existence of a "brief shoving match" involving plaintiff and Ellis.  *See* Order addressing issues on remand at PageID.372-373.  Factual and legal questions exist as to whether the videotaped "shoving match" was an "assault on staff" as defined under MDOC PD 03.03.105, Attachment B, and whether Ellis' lack of discretion to write a misconduct ticket negated the causation element.  In this regard, the Court notes that to establish the causation element of a retaliation claim, plaintiff only needs to show that the exercise of the protected right was "a substantial or motivating factor" in the alleged retaliatory conduct.  *See Smith*, 250 F.3d at 1037.  Viewing the evidence in the light most favorable to plaintiff, Ellis' motion for summary judgment should be denied.

### C. Qualified immunity

Finally, Ellis' claim for qualified immunity merely recites the legal standard for qualified immunity with a conclusory request for relief, i.e., "In this case, Officer Ellis is entitled to dismissal of the complaint based on qualified immunity for the reasons stated above in argument I, as no violation of Plaintiff's constitutionally protected rights under the first Amendment have been shown by Plaintiff."  Defendant's Brief at PageID.460-461.  Ellis' conclusory claim of qualified

immunity is inadequate for adjudication by this Court. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

### III.   Recommendation

For the reasons set forth above, I respectfully recommend that defendant Ellis' motion for summary judgment (docket no. 96) be **DENIED**.


Dated:  July 22, 2016                           /s/ Ray Kent
                                                RAY KENT
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).