UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TERRY WILLIAM NEAL,

    Plaintiff,

v.

DAVID ELLIS,

    Defendant.

_____/

Case No. 1:10-CV-1075

HON. GORDON J. QUIST

### ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR SANCTIONS

A jury trial in this matter is currently set for May 7, 2019, on Plaintiff's remaining claim for retaliation. Plaintiff has filed two motions: (1) motion to appoint counsel; and (2) motion for sanctions. Both motions (ECF Nos. 141, 142) are **DENIED**.

First, as the Court stated in its February 9, 2017, Order denying Plaintiff's motion to appoint counsel (ECF No. 109), there is no right to counsel in a civil case such as this, and counsel is usually appointed when "exceptional circumstances" exist. (ECF No. 141 ast PageID.567–68.) The Court determined that this case does not present exceptional circumstances. Additionally, the Court observed that "Plaintiff has shown through his submissions to both this Court and the Sixth Circuit that he is sufficiently capable of presenting his evidence and legal arguments to this Court and the jury." (*Id.* at PageID.568.)

As for Plaintiff's motion for sanctions, as an initial matter, Plaintiff fails to cite a basis—a court rule, a statute, a case, or some other authority—for an award of sanctions. Regardless, even if Plaintiff had cited some legal basis for an award of sanctions, there is no factual basis for such

award.  Plaintiff's complaint is that his trial has been delayed once again.  He notes that the Court denied Defendant's request to adjourn the April 9, 2019, trial on the basis of defense counsel's impending mandatory jury duty, but somehow defense counsel was still able to get the trial moved, thus further delaying Plaintiff's case.  (ECF No. 142 at PageID.762.)  In fact, defense counsel had nothing to do with the April 9, 2019, trial date being moved to May 7, 2019.  The trial was rescheduled per the March 4, 2019, Order (ECF No. 140 (issued by the undersigned's judicial assistant)) to accommodate the Court's criminal docket.  Thus, Plaintiff's motion lacks merit.

**IT IS SO ORDERED**.


Dated: April 10, 2019                                         /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE