UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILLIAM NEAL,

    Plaintiff,

v.

DAVID ELLIS,

    Defendant.
_____/

Case No. 1:10-CV-1075

HON. GORDON J. QUIST

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION TO SERVE SUBPOENAS**

Plaintiff has filed a letter that the Clerk has docketed as a motion to serve subpoenas. (ECF No. 146.) In his letter, Plaintiff states that he is enclosing eleven signed trial subpoenas for filing "in the proper manner." (*Id.*) The Court construes Plaintiff's motion as a request that the trial subpoenas be served. Plaintiff is entitled to have the subpoenas served by the U.S. Marshals Service. 28 U.S.C. § 1915(d) requires that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases," *i.e.*, in *in forma pauperis* cases. However, even though Plaintiff is proceeding *in forma pauperis*, he is not exempt from paying the witness and mileage fees required by Federal Rule of Civil Procedure 45(b)(1). Pursuant to that rule, "if the subpoena requires that person's attendance [at trial], tendering the fees for 1 day's attendance and the mileage allowed by law" is required. *Id.* The witness fee for one day's attendance is $40. 28 U.S.C. § 1821(b). As of January 1, 2019, the mileage rate for privately-owned vehicles, as set forth by the General Services Administration, is $0.58 per mile. *See* Privately Owned Vehicle (POV) Mileage Reimbursement Rates, effective January 1, 2019, *available at*

https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates/privately-owned-vehicle-pov-mileage-reimbursement-rates.[1]

As noted, a prisoner proceeding *in forma pauperis* must still pay the witness and mileage fees for individuals subpoenaed to attend trial. *See Anthony v. Owens*, No. 07-10351, 2012 WL 691756, at *2 (E.D. Mich. Mar. 1, 2012) ("A party proceeding *in forma pauperis* may still be required to pay . . . mileage and witness fees."); *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at *1 (W.D. Mich. Nov. 27, 2006) ("Plaintiff has not tendered the required mileage fee of $413.85 (44.5 cents perm mile x 930 miles) or the and [sic] $40 witness fee. The fact that plaintiff is proceeding *in forma pauperis* does not relieve plaintiff of the obligations to pay the witness and mileage fees." (internal citation omitted)). Accordingly, because Plaintiff has not tendered the required witness and mileage fees for his eleven witnesses,[2] his motion (ECF No. 146) is **DENIED WITHOUT PREJUDICE**.[3]

**IT IS SO ORDERED**.


Dated: April 16, 2019                    /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE

---

[1] *See* 28 U.S.C. § 1821(c)(2) (stating that a witness who travels by privately owned vehicle is entitled to mileage based on the mileage rate set by the Administrator of General Services pursuant to 5 U.S.C. § 5704 for official travel by employees of the Federal Government).

[2] Although Plaintiff has submitted eleven proposed subpoenas, it is not clear whether one is duplicative. One subpoena is for Captain Cooley, while another is for Mary Cooley. These may or may not be the same individuals. Moreover, the Final Pretrial Order (ECF No. 113) indicates that Captain Cooley and Carol Howes were withdrawn as witnesses and that Plaintiff failed to list Investigator Bruce Sibert as a witness.

[3] Plaintiff may submit the amounts for the witness and mileage fees to the Court without re-filing his motion.